UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXECUTIVE AMBULATORY
SURGICAL CENTER, LLC, as assignee
of TAMIKA BURRELL,

                  Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

                  Defendant.
_____/

Case No. 18-cv-14094

Paul D. Borman
United States District Judge

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 25) AND DENYING DEFENDANT'S MOTION FOR JUDICIAL NOTICE (ECF NO. 27)**

### I. INTRODUCTION

On March 3, 2020 the Court issued an Opinion and Order denying Defendant's Motion for Summary Judgment (ECF No. 9). *Executive Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, 442 F. Supp. 3d 998 (E.D. Mich. 2020) (ECF No. 22.) In the Opinion and Order, the Court held that Plaintiff Executive Ambulatory Surgical Center, LLC's ("Executive Ambulatory's") claims against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), seeking no-fault insurance benefits, were not barred under the doctrines of res judicata and collateral estoppel. (*Id.*)

On March 17, 2020, Defendant State Farm filed a Motion for Reconsideration of the Court's denial of its motion for summary judgment. (ECF No. 25, Defendant's Motion for Reconsideration.) State Farm argues that the Court palpably erred in determining that Executive Ambulatory's claims were not barred by res judicata or collateral estoppel, and that the Court collaterally attacked and refused to honor the jury verdict and judgment entered by the 46th District Court and order for summary disposition and judgment entered by the Wayne County Circuit Court. (ECF No. 25.) Defendant also filed a Motion for Judicial Notice (ECF No. 27), asking the Court to take judicial notice of two of its prior opinions. After reviewing Defendant's motions, the Court finds that none of the arguments clears the high bar for granting reconsideration, and therefore denies the Defendant's Motion for Reconsideration and denies Defendant's Motion for Judicial Notice.

## II. STANDARD OF REVIEW

"A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan Local Rule 7.1(h)(3) provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Michigan Dep't of Envtl. Quality v. City of Flint*, 296 F. Supp. 3d 842, 847 (E.D. Mich. 2017).

"A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). It should not be "used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). It follows, then, that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued," *Roger Miller*

3

*Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir. 2007), and parties "may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014).

### III.   ANALYSIS

Defendant presents three main arguments in its motion for reconsideration: (1) the dismissal of Tamika Burrell's Circuit Court case operates as an adjudication on the merits for purposes of res judicata, and because Burrell is ineligible for benefits, Executive Ambulatory's derivative claims are barred by res judicata; (2) Executive Ambulatory's claims are barred by collateral estoppel because Executive Ambulatory "stands in the shoes" of Burrell and the same parties, or their privies, had a full and fair opportunity to litigate the "eligibility" issue in the prior action; and (3) it was palpable error for the Court to collaterally attack the state court judgment and grant of summary disposition. (ECF No. 25.) The first two arguments were addressed by the parties, considered by the Court, and ruled upon in the Court's March 3, 2020 Opinion and Order, and the third argument is unpersuasive, and accordingly Defendant's motion fails to identify a "palpable defect" by which the Court and the parties have been misled.

### A. Defendant Has Failed to Establish a Palpable Error Regarding the Court's Res Judicata Finding

The background facts related to Defendant's motion are set forth in detail in this Court's March 3, 2020 Opinion and Order. Briefly, Plaintiff Executive Ambulatory seeks to collect payment of no-fault personal injury protection ("PIP") insurance benefits for treatment it provided to Tamika Burrell, stemming from an August 19, 2014 motor vehicle accident. Defendant State Farm, Burrell's insurer, filed a motion for summary judgment arguing that Plaintiff's claims are barred by res judicata and/or collateral estoppel, based on a jury verdict in a state district court lawsuit brought by another medical provider, ATI, ("the *ATI* litigation") and a summary disposition order in a state circuit court lawsuit brought by Tamika Burrell ("the *Burrell* litigation").

As the Court explained in its Opinion and Order, in Michigan, the doctrine of res judicata, or claim preclusion, "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) and matter in the second case was, or could have been, resolved in the first [case]." *Executive Ambulatory*, 442 F. Supp. 3d at 1004 (citing *Adair v. Michigan*, 470 Mich. 105, 121 (2004)). The Court thoroughly examined and discussed each res judicata prong under the facts of this case and found that: (1) the

prior actions between ATI and State Farm and between Burrell and State Farm were decided on the merits; however, (2) the two state court actions and this case did not involve "the same parties or their privies" and Executive Ambulatory did not have a "full and fair opportunity" to litigate its claims in those prior state court actions; and (3) this suit could not have been resolved in either the *ATI* or the *Burrell* litigation, because the benefits Plaintiff seeks had yet to accrue at the time those actions were brought. *Executive Ambulatory*, 442 F. Supp.3d at 1004-09.[1]

In its Motion for Reconsideration, Defendant State Farm primarily reasserts the same arguments it made in its motion for summary judgment, which the Court thoroughly considered and addressed. Defendant argues, as it did in its motion for summary judgment, that Plaintiff's claims are derivative of Burrell's and if Burrell's

---

[1] In its Opinion, the Court discussed *Massengale v. State Farm Mutual Automobile Insurance Company*, No. 2:18-CV-11366, 2019 WL 4640307 (E.D. Mich. Sept. 24, 2019) (Berg, J.), which involved similar facts and arguments to those asserted in this case, and noted that the court in *Massengale* found that the plaintiff's claims were not barred by res judicata because Massengale did not have a full and fair opportunity to litigate the issue of whether she was injured in the auto accident in the prior state court litigation, and the two actions did not involve "the same parties or their privies." *Id.* The defendant in *Massengale*, like the Defendant here, filed a motion for reconsideration of the court's opinion, which was recently denied because defendant failed to identify a palpable error in the Court's order. *See Massengale v. State Farm Mut. Auto. Ins. Co.*, No. 2:18-CV-11366, 2020 WL 5702147 (E.D. Mich. Sept. 24, 2020).

6

claim is barred, any derivative claim will fail as well. (ECF No. 25 at pp. 4, 7-11, PgID 612, 615-19; ECF No. 9, Def.'s Mot. S.J. at pp. 15-16, PgID 102-03.) "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *See Ford Motor Co.*, 177 F. Supp. 2d at 632. Defendant surprisingly contends that "it was palpable error for the Court to focus its inquiry on whether this Plaintiff's claims could have been or even should have been adjudicated in the prior suits." (ECF No. 25 at p. 11, PgID 619.) However, whether "the matter in the second case was, or could have been, resolved in the first case," is the third prong of the res judicata analysis under Michigan law, *see Adair*, 470 Mich. at 121, and thus it patently was <u>not</u> palpable error for the Court to consider and analyze this factor in its res judicata analysis. Accordingly, Defendant has failed to demonstrate a palpable error by which the Court and the parties have been misled with regard to the Court's res judicata finding, and Plaintiff's Motion for Reconsideration on this basis is DENIED.

### B. Defendant Has Failed to Establish a Palpable Error Regarding the Court's Collateral Estoppel Finding

Under Michigan law, the three elements of collateral estoppel are: (1) a question of fact essential to the judgment was actually litigated and determined by a

7

valid and final judgment; (2) the same parties or their privies had a full and fair opportunity to litigate the issues; and (3) there was mutuality of estoppel. *Radwan v. Ameriprise Ins. Co.*, 327 Mich. App. 159, 166 (2018); *see also Estes v. Titus*, 481 Mich. 573, 585 (2008). In its Opinion and Order, the Court thoroughly considered and discussed each collateral estoppel prong, and found: (1) there appears to be a question of fact essential to the judgment that was litigated and determined in a valid and final judgment; but (2) the same parties or their privies did not have a full and fair opportunity to litigate the "no injury" issue in the *ATI* lawsuit because Executive Ambulatory "did not have a 'full and fair opportunity to litigate' its claims for PIP benefits, which had not even accrued at the time either of the state court complaints were filed and which were not the subject of either the *ATI* or the *Burrell* state court litigation;" and (3) mutuality of estoppel did not apply because Executive Ambulatory was not a party or in privity with a party in either state court action such that Executive Ambulatory had a full and fair opportunity to litigate the "no injury" issue. *Executive Ambulatory*, 442 F. Supp. 3d at 1009-12.

In its Motion for Reconsideration, State Farm again argues, as it did in its summary judgment motion, that collateral estoppel requires the dismissal of this case based on the determination in Burrell's case that she was ineligible for no-fault

8

benefits. (ECF No. 25 at pp. 11-23, PgID 619-31; ECF No. 9 at pp. 17-22, PgID 104-09.) State Farm contends, again, that Plaintiff "stands in the shoes" of Burrell, and "[a]s Burrell's case failed, so does Plaintiff's case in this action," and that the same parties or their privies had a full and fair opportunity to litigate the eligibility issue in the prior action. (*Id.*) Defendant further argues that the assignment "does not sever the claims, but binds them." (ECF No. 25 at pp. 16, 21, PgID 624, 629.) However, the Court already addressed these arguments in its Opinion and Order and concluded that "Plaintiff Executive Ambulatory, as an assignee of Burrell, did not have a 'full and fair opportunity to litigate' its claims for PIP benefits, which had not even accrued at the time either of the state court complaints were filed and which were not the subject of either the *ATI* or the *Burrell* state court litigation." *Executive Ambulatory*, 442 F. Supp. 3d at 1011.

This holding has been buttressed by a recent Michigan Court of Appeals decision, *Mecosta County Medical Center v. Metropolitan Group Property and Casualty Insurance Company*, No. 345868, 2020 WL 1491755 (Mich. App. Mar. 20, 2020), in which the court explained that "an assignee generally obtains only the rights possessed by the assignor *at the time of the assignment*," and "[a]n assignee is not bound by a judgment that his predecessor in interest obtained *after* the

9

assignment at issue, even though the defendants raised the assignment as a defense, because the assignee was not in privity with the assignor." *Id.* at *3 (emphases added). The court of appeals explained that "[a] contrary rule would allow an assignor to cut off the rights of the assignee without affording him an opportunity to be heard and "[i]ndeed, it may constitute a deprivation of property without due process of law to extend privity to bind an assignee by a judgment entered against his or her assignor *after* the assignor assigned his or her right in the property." *Id.* (emphasis added); *see id.* at *4 (explaining that an assignee does not "remain[] in privity with the assignor in perpetuity, such that the assignor can intentionally or unintentionally alter the assignee's rights after the assignment."). Thus, the court of appeals concluded, "[i]n this state, for the purposes of property law, an assignee is in privity with the assignor only up to the time of the assignment" and "if the party asserting preclusion has no other basis for establishing privity beyond the fact that the assignee succeeded to the assignor's interest, the party asserting preclusion will not prevail *unless the judgment was entered before the transfer at issue.*" *Id.* Applying these established principles, the court of appeals held that the plaintiff medical providers "as the assignees of Myers' interest, were not bound by the judgment rendered against Myers in the Wayne County action because they were

10

not in privity with Myers [at the time of the judgment] and a decision to the contrary would extinguish their rights without providing an opportunity to be heard." *Id.* at *4.

Similarly, in this case, Burrell assigned her rights to Executive Ambulatory, at the latest, on September 18, 2018 (ECF No. 9-5, Assignment, PgID 143-44), well prior to the March 20, 2019 jury verdict in the *ATI* litigation and the June 27, 2019 summary disposition in the *Burrell* litigation, and Plaintiff therefore was "not bound by the judgment rendered against [ATI and/or Burrell] in the [state court] action[s] because [it] w[as] not in privity with [ATI and/or Burrell] and a decision to the contrary would extinguish [Plaintiff's] rights without providing an opportunity to be heard." *See Mecosta*, 2020 WL 1491755 at *3.

Defendant argues in its motion that *Shures v. State Farm Mutual Automobile Insurance Company*, No. 09-10514, 2009 WL 3052239 (E.D. Mi. Sept. 18, 2009), cited by the Court in support of its res judicata finding, supports a finding for Defendant on collateral estoppel. (ECF No. 25 at pp. 12-13, 21-22, PgID 620-21, 629-30.) As the Court recognized in its Opinion and Order, the plaintiffs' claims in Shures were found to be barred by collateral estoppel. *Executive Ambulatory*, 442 F. Supp. 3d at 1008 (citing *Shures*, 2009 WL 3052239, at *3). However, *Shures* is

11

factually distinguishable from this case on this point, as the *Shures* court found that the prior action involved the *same parties or their privies* as the present one. *See Shures*, 2009 WL 3052239, at *6. Specifically, John Shures was a named party in *both* lawsuits, and while his wife Tracy Shures was a named plaintiff in the second action, as opposed to being named in her capacity as the guardian of John Shures in the previous one, the court found that Tracy Shures was in privity with her husband's claims, as she "seeks the *exact same* payment of attendant care fees-ostensibly in her role as John Shure's caretaker, rather than simply as his wife-and claims such damages on the *exact same facts* as did her husband in the prior action." *Id.* (emphases added) (noting further that "despite Tracy Shure's eventual removal as guardian for John, her status throughout most of the litigation as the representative through which John brought suit gave Tracy's interests further protection."). Conversely, the Court here properly found that Executive Ambulatory was not a party or a privy of a party to the prior state court litigation, and that "Plaintiff Executive Ambulatory, as assignee of Burrell, did not have a 'full and fair opportunity to litigate' its claims for PIP benefits, which had not even accrued at the time either of the state court complaints were filed and which were not the subject of either the *ATI* or the *Burrell* state court litigation." *Executive Ambulatory*, 442 F.

12

Supp. 3d at 1011 (relying on *Redburn v. Farmers Ins. Exch.*, No. 345216, 2020 WLK 90986 (Mich. App. Jan. 7, 2020)).[2]

Defendant has failed to demonstrate a palpable defect by which the Court and the parties have been misled with regard to the Court's collateral estoppel analysis, and Defendant's Motion for Reconsideration on this basis is DENIED.

### C. Defendant Has Failed to Establish that the Court Collaterally Attacked the State Court Findings

Finally, Defendant argues that the Court's Opinion and Order is a collateral attack on the state court judgments. (ECF No. 25 at pp. 23-25, PgID 631-33.) Defendant did not make or develop this argument in its motion for summary

---

[2] Similarly, Defendant's citation to a Michigan Court of Appeals case, *The Medical Team, Inc. v. Auto-Owners Insurance Company*, No. 345449, 2020 WL 908486 (Mich. App. Feb. 25, 2020), does not change the Court's analysis. First, that case did not address collateral estoppel. Rather, the court of appeals found that the medical provider's claims were barred by res judicata, and that case is distinguishable because there was no question that the provider could have brought its claims in the insured's prior Wayne County action, which action the provider expressly acknowledged when filing its Washtenaw County lawsuit. *Id.* at *1. Indeed, the same claims for the provider's services were originally included in the insured's prior action until the Wayne County court entered a stipulated order indicating that the insured's claims for bills relating to services provided by the provider were dismissed without prejudice. *Id.* at *1. Further, the provider primarily argued on appeal that the prior Wayne County court ruling was erroneous, which the court of appeals found constituted an impermissible collateral attack on the Wayne County court's judgment. *Id.* at *6. Executive Ambulatory does not make such a challenge here.

13

judgment, and generally a party cannot use a motion for reconsideration to raise new arguments that could have been raised before. *See Smith*, 298 F. Supp. 2d at 637. In any event, Plaintiff did not argue (and the Court did not find) that either of the state court judgments, which were rendered after the assignment to Plaintiff in this case, were erroneous, and the Court's findings that Plaintiff Executive Ambulatory's claims are not barred by res judicata or collateral estoppel do not amount to an impermissible "collateral attack" on the state court judgments, which the Court found did not involve Plaintiff Executive Ambulatory or its privy. Accordingly, this claim of error is DENIED.

### D. Defendant's Motion for Judicial Notice (ECF No. 27) is DENIED

On April 14, 2020, Defendant filed a Motion for Judicial Notice for the Court to Take Judicial Notice of its Prior Decisions. (ECF No. 27.) Specifically, Defendant requests to have the Court take "judicial notice," pursuant to Fed. R. Evid. 201, of two of its prior opinions that Defendant failed to reference in any of its prior briefing to the Court on its motion for summary judgment or its motion for reconsideration. (*Id.*) Defendant's motion is DENIED. First, Fed. R. Evid. 201 "governs judicial notice of an adjudicative fact only[]" and Defendant's motion instead is simply an attempt to file additional supplemental briefing regarding decisions made long

14

before the parties here filed briefs regarding Defendant's Motion for Summary Judgment. Accordingly, it is an improper pleading. And, in any event, both cases are distinguishable from this one in that the assignments to the providers in those cases were not made until *after* Burrell settled and dismissed her own lawsuit for no-fault benefits, and both providers sought to recover for services provided *before* the dismissal date of Burrell's suit. *See ZMC Pharmacy, LLC v. State Farm Mut. Auto. Ins. Co.*, 307 F. Supp. 3d 661, 674-75 (E.D. Mich. 2018) ("Plaintiff's [Burrell's] acceptance of the case evaluation award on May 9, 2017, and subsequent dismissal [of] her claims against State Farm in this action, … forever barred any claim that ZMC, who also participated in the case evaluation process but did not accept the award, would present for payment from State Farm for no-fault benefits provided to Ms. Burrell *prior to that date*.") (emphasis added); *Michigan Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No 16-cv-14507, 2018 WL 4777409, at *7 (E.D. Mich. Oct. 3, 2018) ("Ms. Burrell settled all of her claims for no-fault PIP benefits against State Farm by accepting a case evaluation award on or about June 6, 2017, and dismissing her claim against State Farm for all no-fault benefits arising out of her August 19, 2014 automobile accident, *expressly including Michigan Ambulatory's bill*. She had no rights to recovery against State Farm that

15

she could assign to Michigan Ambulatory on June 12, 2017. The June 12,2017 Assignment does not afford Michigan Ambulatory a right to proceed against State Farm.") (emphasis added). As explained above, the assignment to Executive Ambulatory was made well prior to the *ATI* and *Burrell* state court judgments. Accordingly, Defendant's Motion for Judicial Notice is DENIED.

### IV. CONCLUSION

Defendant's motion for reconsideration "presents the same issues already ruled upon by the court," and fails to identify "a palpable defect" in the Court's Opinion that, if corrected "will result in a different disposition of the case." *See* E.D. Mich. L.R. 7.1(h)(3). Therefore, for the reasons set forth above, the Court DENIES Defendant's Motion for Reconsideration. (ECF No. 25.)

Further, for the reasons set forth above, Defendant's Motion for Judicial Notice (ECF No. 27) is DENIED.

**IT IS SO ORDERED.**


Dated: October 2, 2020                     s/Paul D. Borman
                                           Paul D. Borman
                                           United States District Judge