UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXECUTIVE AMBULATORY
SURGICAL CENTER, LLC, as
assignee of TAMIKA BURRELL,

          Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

          Defendant.
_____/

Case No. 18-cv-14094

Paul D. Borman
United States District Judge

**<u>OPINION AND ORDER GRANTING DEFENDANT STATE FARM'S MOTION TO CERTIFY THE COURT'S SUMMARY JUDGMENT ORDERS FOR IMMEDIATE APPEAL AND TO STAY PROCEEDINGS PENDING APPEAL (ECF NO. 35)</u>**

This matter involves a claim for personal injury protection ("PIP") benefits under Michigan's No-Fault Act related to medical treatment and services provided by Plaintiff Executive Ambulatory Surgical Center, LLC, as assignee to patient Tamika Burrell. Now before the Court is Defendant State Farm's Motion to Certify the Court's Summary Judgment Orders for Immediate Appeal and to Stay Proceedings Pending Appeal. (ECF No. 35.) Plaintiff filed a response in opposition to Defendant's motion (ECF No. 38), and Defendant filed a reply in support of its motion. (ECF No. 40.) The Court does not believe oral argument will aid in its

disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons set forth below, the Court GRANTS Defendant's Motion.

## I. BACKGROUND

On August 19, 2014, Tamika Burrell was involved in a motor vehicle accident causing her to sustain bodily injuries when a car she was driving was struck in the rear by a hit and run driver and then pushed into a pickup truck in front of her vehicle. Following the accident, Burrell sought treatment from several medical providers, including Plaintiff Executive Ambulatory Surgical Center, LLC ("Plaintiff" or "Executive Ambulatory"). During the course of that treatment, Burrell assigned her statutory rights to collect no-fault benefits to several of her providers, including Executive Ambulatory, who now attempts to recover no-fault insurance benefits from Burrell's automobile insurance company, Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm").

Defendant State Farm filed a motion for summary judgment arguing that Plaintiff Executive Ambulatory's claims are barred by res judicata and/or collateral estoppel, based on a jury verdict against Burrell's assignee in a state district court lawsuit brought by a different medical provider, ATI ("the *ATI* litigation"), and a subsequent summary disposition order in a different state circuit court lawsuit

2

brought by Tamika Burrell ("the *Burrell* litigation"). (ECF No. 9.) On March 3, 2020, this Court issued an Opinion and Order denying Defendant's Motion for Summary Judgment, holding that Plaintiff Executive Ambulatory's claims against Defendant State Farm, seeking no-fault insurance benefits, were not barred under the doctrines of res judicata or collateral estoppel. (ECF No. 22.) *Executive Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, 442 F. Supp. 3d 998 (E.D. Mich. 2020). This Court found that the two prior state court actions between ATI and State Farm, and between Burrell and State Farm, were decided on the merits, but that the two state court actions and this case did not involve "the same parties or their privies" and that Plaintiff Executive Ambulatory did not have a "full and fair opportunity" to litigate its claims in those prior state court actions, and that this suit could not have been resolved in either the *ATI* or the *Burrell* litigation, because the benefits Plaintiff Executive Ambulatory seeks in this case had yet to accrue at the time those state court actions were brought. *Executive Ambulatory*, 442 F. Supp. 3d at 1004-09.

Defendant then moved for reconsideration, and on October 2, 2020, this Court issued an Opinion and Order Denying Defendant's Motion for Reconsideration, finding that the motion "presents the same issues already ruled upon by the court," and fails to identify "a palpable defect" in the Court's Opinion that, if corrected,

3

"will result in a different disposition of the case." (ECF No. 33); *Executive Ambulatory Surgical Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-14094, 2020 WL 5868383 (E.D. Mich. Oct. 2, 2020).

Defendant now moves the Court to grant a certificate of appealability authorizing it to file an application for an immediate interlocutory appeal of the Court's ruling. (ECF No. 35, Def.'s Mot.) Specifically, Defendant requests that this Court certify for appeal the question of "whether an injured party and her medical provider that receives a partial assignment of PIP benefits are in privity." (*Id.* PgID 1524.) Plaintiff opposes Defendant's motion, arguing that there are no "substantial grounds for difference of opinion" with the Court's order denying summary judgment, and that this is not the "exceptional" type of case that warrants interlocutory appeal. (ECF No. 38, Pl.'s Resp.) Defendant filed a reply brief in support of its motion. (ECF No. 40, Def.'s Reply.)

Defendant also filed a Notice of Supplemental Authority, advising the Court that a similar motion to certify the court's summary judgment orders for immediate appeal had been filed in *Massengale v. State Farm Mutual Automobile Insurance Company*, United States District Court Case No. 18-11366, and that on November 17, 2020, Judge Terrence Berg granted State Farm's motion and certified that case for immediate appeal of the question of "whether an injured party and her medical

4

provider that receives a partial assignment of PIP benefits are in privity?" (ECF No. 37; ECF No. 37-1, Order Granting Defendant's Motion to Certify in *Massengale v. State Farm Mut. Auto. Ins. Co.*, United States District Court Case No. 18-11366.) State Farm filed its Petition for Permission to Appeal the *Massengale* case in the Sixth Circuit on November 24, 2020. *In re State Farm Mutual Automobile Association*, Sixth Circuit Court of Appeals Case No. 20-112. The Sixth Circuit has not yet ruled on that petition.

## II.  LEGAL STANDARD

Title 28 U.S.C. § 1292(b) states as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).

In deciding whether to exercise its discretion under § 1292(b), a petitioner must show that "(1) the question involved is one of law; (2) the question is controlling; (3) there is substantial grounds for difference of opinion respecting the

5

correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993); *see also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 294 F.3d at 350 (citing *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 351. "'Under Sixth Circuit law, 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Chrysler Grp. LLC v. South Holland Dodge, Inc.*, 862 F. Supp. 2d 661, 688 (E.D. Mich. 2012) (quoting *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164 (E.D. Mich. 2010) (citing *In re City of Memphis*, 293 F.3d at 350-51)). Substantial ground for difference of opinion may exist where:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks and citations omitted). "An interlocutory appeal materially advances litigation when it 'save[s] judicial resources and litigant expense.'" *Dassault Systemes, S.A. v.*

6

*Childress*, No. 09-cv-10534, 2016 WL 8229034, at *2 (E.D. Mich. June 22, 2016) (quoting *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 878 (E.D. Mich. 2012)).

### III. ANALYSIS

#### A. Whether the Question Involved is a Pure Issue of Law

State Farm contends that it seeks to appeal a pure question of law – "whether the partial assignment of no-fault PIP benefits under Michigan law from an insured to a healthcare provider creates privity for purposes of res judicata and collateral estoppel." (Def.'s Mot. at pp. 9-10, PgID 1528-29.) Plaintiff does not address this first requirement, and thus appears to concede it. (See Pl.'s Resp.) The Court in *Massengale* found that this first requirement was met in its Order, stating that "[b]ecause Michigan law has not addressed the specific question raised here, a question of law exists." (ECF No. 37-1, PgID 1545.) This Court similarly finds that a question of law exists.

#### B. Whether the Question of Law is Controlling

State Farm contends that the legal issue in this case is controlling because if either res judicata or collateral estoppel apply, it would be a bar to Plaintiff's claims. (Def.'s Mot. at pp. 10-12, PgID 1529-31.) As above, Plaintiff does not address or otherwise dispute this requirement. This Court finds that this issue is controlling

7

because it "could materially affect the outcome of the case" as it directly affects Defendant's potential liability and Plaintiff's ability to recover its claim for benefits.

### C. Whether There is a "Substantial Ground for Difference of Opinion" on the Resolution of the Question of Law

Defendant contends that because "[d]ifferent courts have reached two different conclusions on the privity issue[,] [t]hat is the quintessential example of a 'substantial ground for difference of opinion.'" (Def.'s Mot. at p. 13, PgID 1532.) Defendant states that a jury in the Oakland County District Court returned a no-cause of action in favor of State Farm, finding that Burrell did not sustain an injury in the August 19, 2014 automobile accident," and that the Wayne County Circuit Court determined that the Oakland County District Court jury's finding of no injury had collateral estoppel or res judicata effect on Burrell's claim. (*Id.*) Defendant further asserts that a Wayne County District Court also granted summary judgment to State Farm in a provider suit based on the ATI "no-injury" verdict. (*Id.* at n.3, citing Wayne County District Court Case No. 18-28071-GC.) This Court reached a different conclusion in this case. Defendant argues that Burrell chose to assign her benefits to ATI, which lost at trial, and that based on the *ATI* jury verdict, Burrell had no viable claim to assign to Plaintiff Executive Ambulatory. According to Defendant, Executive Ambulatory acquired only the rights Burrell had available to assign, and "it does not matter whether Executive Ambulatory had an opportunity to

8

litigate the issue – simply put, there is nothing to litigate." (*Id.* at pp. 14-15, PgID 1533-34.)

Plaintiff argues that there are no substantial grounds for a difference of opinion regarding this Court's Order on summary judgment. (Pl.'s Resp. at pp. 8-11, PgID 1554-57.) Plaintiff asserts that this Court's Order is consistent with the opinions issued by Michigan appellate courts in *Redburn v. Farmers Insurance Exchange*, No. 345216, 2020 WL 90986 (Mich. Ct. App. Jan. 7, 2020) and *Mecosta County Medical Center v. Metropolitan Group Property & Casualty Insurance Co.*, No. 345868, 2020 WL 1491755 (Mich. Ct. App. Mar. 20, 2020). (*Id.* at p. 9, PgID 1555.) Plaintiff further contends that Defendant has not shown a difference of opinion within the Sixth Circuit, and that this Court's opinion is in fact consistent with that of United States District Court Judge Terrence Berg in *Massengale v. State Farm Mutual Automobile Insurance Co.*, Case No. 2:18-CV-11366, 2019 WL 4640307 (E.D. Mich. Sept. 24, 2019). (*Id.*) Plaintiff argues that the decision in Burrell's state court lawsuit, rendered in June 2019, is not conflicting authority and does not create the necessary "substantial grounds" to grant interlocutory review. (*Id.*) Plaintiff explains that:

> Upon execution of the assignments at issue, Ms. Burrell no longer controlled the claims she assigned – reimbursement of the specific services Plaintiff rendered to her. That claim was not protected by ATI Physical Therapy in its lawsuit, nor was it claimed by Ms. Burrell in

9

> her own lawsuit. As such, Plaintiff did not have a "fair and full opportunity" to litigate its claim, and was not in privity with either Ms. Burrell or ATI Physical Therapy. As Plaintiff's claim for services were not at issue in those cases, Plaintiff's claim could not have been resolved in either of those suits and, as such, there existed no identity of claims for *res judicata* to apply.

(*Id.* at p. 10, PgID 1556 (internal and end record citations omitted).)

In its reply brief, Defendant first faults Plaintiff for not discussing in its response the order granting certification to appeal in the *Massengale* case. (Def.'s Reply at pp. 1-2, PgID 1618-19.) Defendant then points to other unpublished Michigan Court of Appeals decisions which Defendant asserts applied res judicata and/or collateral estoppel to bar a medical provider's claims. (*Id.* at pp. 3-5, citing *Garden City Rehab, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 320543, 2015 WL 3796373, at *1 (Mich. Ct. App. June 18, 2015); *Michigan Head & Spine Inst. PC v. State Farm Mut. Auto. Ins. Co.*, No. 324234, 2016 WL 299771, at *3 (Mich. Ct. App. Jan. 21, 2016); and *Med. Team, Inc. v. Auto-Owners Ins. Co.*, No. 345499, 2020 WL 908486, at *4 (Mich. Ct. App. Feb. 25, 2020).) Defendant argues that in *Mecosta*, relied upon by Plaintiff, Michigan Court of Appeals Judge Christopher Murray issued a "strong dissent," suggesting that there are "substantial grounds for difference of opinion." (*Id.* at pp. 5-6, PgID 1622-23, citing *Mecosta*, *supra* at *6 (Murray, J., dissenting) ("[R]egardless that plaintiff is seeking to recover for different medical bills (though from the same defendants) than Myers was in Wayne

10

Circuit, because this case arises from the same operative facts – Myers injuries, the procurement of the insurance policy covering his vehicle, and the language of the policy and no-fault act – plaintiff's entitlement to relief under the policy and no-fault law raised the same threshold issue as was resolved through the Wayne Circuit judgment.").). Defendant finally states that there is no published, binding opinion from the Michigan Supreme Court or Michigan Court of Appeals that guides these decisions, and that Judge Berg recognized that this is "an important unresolved question of Michigan law." (*Id.* citing *Massengale* Order, PgID 1647.)

Turning to the Opinion granting State Farm's motion for certification in *Massengale*, Judge Berg noted that State Farm argued in that case that "a 'substantial ground for difference of opinion respecting the correctness of the district court's decision' is raised here because Defendant provided notice and sent a subpoena for Plaintiff to appear in the state court suit and thus Plaintiff was afforded the 'ability to fully and fairly litigate her interests.'" (*Massengale* Order, PgID 1545.) That court found that "[w]hile the Court is persuaded that there is no privity for the purposes of res judicata and collateral estoppel between a medical provider and an injured-insured party who has assigned some of her rights to the former, it is arguable that *under joinder rules*, Plaintiff did have the ability to fully and fairly litigate her interest in Spine Rehab's state court suit." (*Id.* (emphasis added).)

11

That is not the same situation in this case – there is no evidence that Plaintiff Executive Ambulatory was afforded the ability to fully and fairly litigate its interests in the state court litigation brought by either ATI or Burrell, under joinder rules or otherwise. Thus, the *Massengale* court's basis for granting certification does not directly support granting certification in the instant case. In fact, as explained in this Court's Opinion and Order denying Defendant's motion for reconsideration in this case:

> [T]he Court already addressed these arguments in its Opinion and Order and concluded that "Plaintiff Executive Ambulatory, as an assignee of Burrell, did not have a 'full and fair opportunity to litigate' its claims for PIP benefits, which had not even accrued at the time either of the state court complaints were filed and which were not the subject of either the *ATI* or the *Burrell* state court litigation." *Executive Ambulatory*, 442 F. Supp. 3d at 1011.
>
> This holding has been buttressed by a recent Michigan Court of Appeals decision, *Mecosta County Medical Center v. Metropolitan Group Property and Casualty Insurance Company*, No. 345868, 2020 WL 1491755 (Mich. App. Mar. 20, 2020), in which the court explained that "an assignee generally obtains only the rights possessed by the assignor *at the time of the assignment*," and "[a]n assignee is not bound by a judgment that his predecessor in interest obtained *after* the assignment at issue, even though the defendants raised the assignment as a defense, because the assignee was not in privity with the assignor." *Id*. at *3 (emphases added). The court of appeals explained that "[a] contrary rule would allow an assignor to cut off the rights of the assignee without affording him an opportunity to be heard" and "[i]ndeed, it may constitute a deprivation of property without due process of law to extend privity to bind an assignee by a judgment entered against his or her assignor *after* the assignor assigned his or her right in the property." *Id*. (emphasis added); *see id.* at *4 (explaining that an assignee does not

12

> "remain[] in privity with the assignor in perpetuity, such that the assignor can intentionally or unintentionally alter the assignee's rights after the assignment."). Thus, the court of appeals concluded, "[i]n this state, for the purposes of property law, an assignee is in privity with the assignor only up to the time of the assignment" and "if the party asserting preclusion has no other basis for establishing privity beyond the fact that the assignee succeeded to the assignor's interest, the party asserting preclusion will not prevail *unless the judgment was entered before the transfer at issue*." *Id*. Applying these established principles, the court of appeals held that the plaintiff medical providers "as the assignees of Myers' interest, were not bound by the judgment rendered against Myers in the Wayne County action because they were not in privity with Myers [at the time of the judgment] and a decision to the contrary would extinguish their rights without providing an opportunity to be heard." *Id*. at *4.
>
> Similarly, in this case, Burrell assigned her rights to Executive Ambulatory, at the latest, on September 18, 2018 (ECF No. 9-5, Assignment, PgID 143-44), well prior to the March 20, 2019 jury verdict in the *ATI* litigation and the June 27, 2019 summary disposition in the *Burrell* litigation, and Plaintiff therefore was "not bound by the judgment rendered against [ATI and/or Burrell] in the [state court] action[s] because [it] w[as] not in privity with [ATI and/or Burrell] and a decision to the contrary would extinguish [Plaintiff's] rights without providing an opportunity to be heard." *See Mecosta*, 2020 WL 1491755 at *3.

(ECF No. 33, PgID 1507-09.)

Thus, the "substantial ground for difference of opinion" as stated in the *Massengale* opinion is different than the facts in this case, as there is no allegation that Executive Ambulatory was afforded the ability to participate in the state court litigation, under joinder rules or otherwise.

13

As explained above, a substantial ground for difference of opinion may exist where:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (internal quotation marks and citations omitted).

Defendant correctly states that there is no published, binding opinion by the Michigan Supreme Court or the Michigan Court of Appeals addressing whether a medical provider and an injured party remain in privity following an assignment of PIP benefits, such that an adverse judgment against the injured party, rendered after the assignment, acts as a res judicata or collateral estoppel bar to the medical provider's claim. Defendant points to other Michigan Court of Appeals cases it contends would support its position, but which this Court has found to be factually distinguishable or which can be distinguished because the case(s) did not involve an assignment as in this case. Finally, Defendant points to conflicting decisions in the state courts with the decision by this Court, involving Burrell and her assignees. Based upon these conflicting rulings by the state courts below in the *Burrell* litigation, and in this Court on the res judicata/collateral estoppel issues, and the

absence of a binding opinion on this issue by the Michigan Supreme Court, this Court finds that a substantial grounds for difference of opinion exists on the issue of "whether a medical provider and an injured party remain in privity following an assignment of PIP benefits, such that an adverse judgment against the injured party or one of her assignees, rendered after the assignment, acts as a res judicata or collateral estoppel bar to the medical provider's claim." The Court notes that this issue is slightly different than the broader issue proffered by Defendant in its motion, which was "whether an injured party and her medical provider that receives a partial assignment of PIP benefits are in privity," but that it more accurately reflects the issue at bar.

### D.     Whether Appeal Will Expedite Resolution of this Litigation

Defendant acknowledges that certifying this issue for immediate appeal will delay the proceedings in this Court, but argues that immediate appeal will expedite resolution of this litigation because "the issue is a case-ender." (Def.'s Mot. at pp. 15-16, PgID 1534-35.) Defendant reasons that it is better to permit the Sixth Circuit to weigh in on this issue now, than to force the parties and the Court to incur the burden and expense of trial, followed by an appeal. Plaintiff does not address this issue.

This Court finds that certifying this issue would expedite resolution of this litigation because if the Sixth Circuit finds that privity exists under the circumstances of this case, Plaintiff's suit here might be subject to dismissal.

### E. Whether This is an "Exceptional" Type of Case that Warrants Interlocutory Appeal

Plaintiff asserts that "[c]ertification is designed to be used sparingly and in extraordinary cases.'" (Pl.'s Resp. at p. 11, PgID 1557, citing *In re Buccina*, 657 F. App'x 350, 352 (6th Cir. 2016).) Plaintiff contends that "[a] 'simple personal injury suit is not extraordinary' and certification in such cases 'would not be a sparing use of § 1292(b).'" (*Id.*, quoting *In re Buccina*, *supra*.) Plaintiff argues that "this suit for No-Fault benefits, specifically two bills relating to surgeries performed at Plaintiff's facility, is not in the class of lawsuits that the statute was intended to allow interlocutory for by the Circuit Court." (*Id.* at p. 12, PgID 1558.)

Defendant does not address this argument in its motion or its reply brief. However, the privity issue as set forth by this Court above, if decided by the Sixth Circuit, would impact more than just this case, as this appears to be an issue that may arise in many, if not most, PIP cases involving multiple medical providers. Thus, the Court finds that this an appropriate case for certification.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court **GRANTS** Defendant State Farm's Motion to Certify the Court's Summary Judgment Orders for Immediate Appeal and to Stay Proceedings Pending Appeal. (ECF No. 35.) The Court **CERTIFIES** its March 3, 2020 Order Denying Defendant's Motion for Summary Judgment (ECF No. 22), and its October 2, 2020 Order denying Defendant's Motion for Reconsideration (ECF No. 33), for interlocutory appeal. Further, all proceedings in this case are **STAYED** for a period of thirty (30) days to permit Defendant to file a motion in the United States Court of Appeals for the Sixth Circuit for permission to appeal. If no such motion is filed within that time, the stay will be dissolved. If such a motion is filed, the stay will continue until the motion is resolved by the United States Court of Appeals for the Sixth Circuit.

Nothing in this decision shall be considered a dismissal or disposition of this matter.

IT IS SO ORDERED.

Dated: January 6, 2021

s/Paul D. Borman
Paul D. Borman
United States District Judge